IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                               Plaintiff,<br><br>v.<br><br>CANDELARIO SOTO-DELGADO,<br><br>                               Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:15-cr-00713-RJS<br><br>Judge Robert J. Shelby |

Defendant Candelario Soto-Delgado, has filed a second Motion for *Franks* Hearing.[1] In his Motion, Mr. Soto-Delgado requests an evidentiary hearing concerning the veracity of the affidavit supporting the search warrant for his residence. He argues the affiant knowingly or recklessly omitted material information from the affidavit, and therefore evidence resulting from the execution of the warrant should be suppressed. Because Mr. Soto-Delgado has not made the substantial preliminary showing required to obtain a *Franks* hearing, the court DENIES his Motion.

## BACKGROUND

Mr. Soto-Delgado challenges the affidavit in support of the warrant officers obtained to search his Salt Lake County residence. This affidavit was executed on September 2, 2015, by

---

[1] Dkt. 50.

Detective Russel Billings.[2]  In the affidavit, Detective Billings described the property to be searched as:

> a single family dwelling, with white wood siding, door is located in the front middle of the south facing residence, with numbers 6508 painted on the concrete steps leading to the front door, also on the mailbox located at the curb.  There are outbuildings located on the property and also what appears to be a horse stall; . . .[3]

Detective Billings asserted that in his professional experience those selling illegal substances commonly store such substances in outbuildings, vehicles, and trailers in order to avoid detection by law enforcement.  He also stated "[f]ailure to search the residence, outbuildings, vehicles present at and arriving to or leaving the residence during the service of this warrant may result in Detectives missing valuable evidence related to this investigation."[4]  To support probable cause to search the property, Detective Billings described two controlled-buys of narcotics from Mr. Soto-Delgado.[5]  He also described police surveillance of Mr. Soto-Delgado.[6]

At an evidentiary hearing on Mr. Soto-Delgado's earlier Motion to Suppress,[7] Detective Bennett, who helped Detective Billings prepare the search warrant application, testified concerning his research on the subject property.  As part of conducting background research, Detective Bennett pulled the Salt Lake County Assessor's map.  From that map, he could see the

---

[2] Dkt. 51-2 at 7.
[3] *Id.* at 2.
[4] *Id.* at 5.
[5] During these buys, a confidential informant purchased cocaine and heroin from Mr. Soto Delgado.  The first controlled-buy occurred at a 6534 West 3500 South residence.  During the second controlled buy, the confidential informant arrived at 6534 West 3500 South, but detectives observed Mr. Soto-Delgado walk from a neighboring 6508 West 3500 South residence, make a hand-to-hand exchange with the confidential informant in the driveway, and return to the 6508 West 3500 South residence. *Id.* at 4–5.
[6] During this surveillance, detectives observed Mr. Soto-Delgado travel to Arizona, leave a vehicle, and return by bus.  They also observed him travel to Stockton California, stay for two hours, and then return immediately to his residence at 6508 West 3500 South.  Detective Billings asserted "[i]t is consistent with my training and experience that individuals involved with the drug trade will take vehicles and leave them to be packed with drugs then a different individual will drive the vehicle back to the area where it originated from to be received and the drugs retrieved from the vehicle to be sold." *Id.* at 5.
[7] Dkt. 31.

physical address of 6508 West 3500 South contained two parcels with separate owners.[8] Detective Bennett consulted additional sources to verify that the two parcels shared the same street address.[9]

According to Detective Bennett's review of the Assessor's map, the southern parcel at 6508 West 3500 South contained a residence, and was owned by Daniel Aposhian. The southern parcel did not contain any outbuildings. The northern parcel at 6508 West 3500 South contained the outbuildings, horse stall, and pasture, and was owned by Matt Aposhian. At the time officers obtained the warrant, the parcels were separated by an unlocked agricultural gate and a single wire fence.[10]

Detective Billings did not mention in his affidavit that 6508 West 3500 South, while identified by one physical street address, contained two parcels with separate owners. Officers executed the search warrant and found narcotics and narcotics packaging in the outbuilding on the northern parcel.[11] They also found narcotics, cash, and narcotics packaging materials in several vehicles parked on the northern parcel.[12]

## ANALYSIS

In this Motion, Mr. Soto-Delgado requests an evidentiary hearing concerning the veracity of the affidavit supporting the search warrant for 6508 West 3500 South. He argues Detective Billings omitted material information from the affidavit, and therefore evidence obtained from execution of the warrant must be omitted.

---

[8] Dkt. 38 at 17.
[9] *Id.* at 17–18 ("Again, I double-checked with our mobile data terminals, our record management system, observed that map, which is a Salt Lake Fire Authority map separate from the County Assessor's. That also listed the single property as 6508, and as well as double-checked our records to see if there was any involvement or calls for service, other prior cases investigated there, and then checked with West Valley, which is their jurisdiction, if there was any history with separate addresses or involved parties.")
[10] *Id.* at 43–44.
[11] *Id.* at 26.
[12] *Id.* at 27.

Generally, courts presume an affidavit supporting a search warrant is valid.[13] But in *Franks v. Delaware* the Supreme Court made clear a defendant may challenge the underlying search warrant, through the supporting affidavit, in certain circumstances.[14] To successfully challenge a search warrant, a defendant must prove two elements by a preponderance of the evidence:[15] (1) that the affiant made "a false statement knowingly or intentionally, or with reckless disregard for the truth"[16] and, (2) that if the affidavit had not included the allegedly false statement the affidavit would not have provided probable cause for the warrant.[17] The "standards of deliberate falsehood and reckless disregard set forth in *Franks* apply to material omissions, as well as affirmative falsehoods."[18]

To be entitled to a *Franks* hearing, a defendant must make a "substantial preliminary showing" of these two elements.[19] To establish the affiant's omissions were reckless, under the first element of *Franks*, the defendant must show the affiant omitted facts that were "'clearly critical' to a finding of probable cause."[20] "[N]egligence or innocent mistakes are insufficient to justify the exclusion of evidence."[21]

The court concludes Mr. Soto-Delgado has failed to make a substantial showing that the omitted facts were clearly critical to the probable cause determination, and thus has failed to show reckless omission under the first *Franks* element. Mr. Soto-Delgado merely asserts that if

---

[13] *Franks v. Delaware*, 438 U.S. 154, 171 (1978).
[14] *Id.*
[15] *Id.* at 156.
[16] *Id.* at 155–56.
[17] *Id.*
[18] *United States v. Cooper*, 654 F.3d 1104, 1128 (10th Cir. 2011) (quoting *United States v. Kennedy*, 131 F.3d 1371, 1376 (10th Cir. 1997)).
[19] *Franks*, 438 U.S. at 155–56.
[20] *Bruning v. Pixler*, 949 F.2d 352, 357 (10th Cir. 1991); s*ee also Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 69–70 (2007) (setting forth the common law recklessness standard as "action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known'" (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994))).
[21] *United States v. Campbell*, 603 F.3d 1218, 1228 (10th Cir. 2010).

the Judge had been aware there were two separate parcels he would have required probable cause for the search of each parcel individually. Mr. Soto-Delgado, however, points the court to no legal authority to support this assertion.[22] The Government also noted in its Opposition that, while there is case law that mandates law enforcement to seek separate warrants to search separate dwellings, it "has not found any authority that suggests that parcel numbers, legal property descriptions, or even property ownership dictate the bounds of a search warrant or probable cause, particularly when the separate parcels have the same physical address."[23] Faced with this dearth of case law, the court cannot conclude Mr. Soto-Delgado has made a substantial showing that Detective Billings' omission was reckless, as opposed to innocent or negligent.

Because the court concludes Mr. Soto-Delgado has failed to meet his burden on the first *Franks* element, it does not address whether the omissions were material to the probable cause determination.[24]

## CONCLUSION

For the reasons discussed, Mr. Soto-Delgado's Motion for *Franks* Hearing is DENIED. (Dkt. 50.)

**SO ORDERED** this 27th day of February, 2017.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[22] *See* Dkt. 51 at 6–7.
[23] Dkt. 55 at 8.
[24] The court notes that these two inquiries appear to collapse in the omission context. Unless there is direct evidence that the affiant acted recklessly, the defendant must show that the omitted material was clearly critical to the probable cause determination, and thus material, to allow the court to infer the omission was made recklessly.